UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | | |
|---|---|---|
| TONY MANNS, | ) | |
| Plaintiff, | ) | No. 7:10-CV-130-KSF |
| V. | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| JUDGE JOSEPH M. HOOD, | ) | |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

Plaintiff Tony Manns is confined in the United States Penitentiary located in Lewisburg, Pennsylvania. He has filed this *pro se* civil rights Complaint under 28 U.S.C. § 1331, and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against the Honorable Joseph M. Hood, United States Senior District Judge. The Court now screens the Complaint. 28 U.S.C. §§ 1915A and 1915(e).

## CLAIMS ASSERTED AND RELIEF SOUGHT

Manns alleges that in 1994, Judge Hood violated his constitutional rights while presiding over his criminal trial. Manns seeks "immediate release or $5,000,000.00." R. 2, p. 9. Because judicial immunity and the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), preclude Manns' claims, the Court will dismiss his Complaint.

## BACKGROUND

Manns was charged in a multiple count indictment of robbing two pharmacies. *See United States v. Tony Manns*, 7:93-CR-00073 (E. D. Ky). Judge Hood presided over the proceeding. A jury found Manns guilty of one count of conspiracy to possess with intent to

distribute Schedule II controlled substances in violation of 21 U.S.C. § 846, two counts of possession of Schedule II narcotics with intent to distribute in violation of 21 U.S.C. § 841(a)(1), two counts of entering with intent to steal controlled substances in violation of 18 U.S.C. § 2118(b), and two counts of using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Manns received a total sentence of 455 months. On direct appeal, the United States Court of Appeals for the Sixth Circuit affirmed the conviction and sentence. *See United States v. Manns*, 61 F.3d 904, 1995 WL 418315 (6th Cir. 1995) (Table).

Manns has now brought this *Bivens* action alleging that Judge Hood denied him counsel during the arraignment, plea, and jury deliberation stages of his criminal trial, in violation of his Sixth Amendment right to counsel. R. 2, pp. 2 & 4. In the section of the Complaint Form asking when the events occurred, Manns wrote "January 12, 1994; March 3, 1994." *Id*., p. 3.[1]

### DISCUSSION

The claims against Judge Hood must be dismissed because they are barred by the doctrine of judicial immunity. Judges are absolutely immune "from suits arising out of the performance of their judicial functions." *Brookings v. Chunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994)). This immunity is not diminished even if the judge's "exercise of authority is flawed by the commission of grave procedural errors," *Stump v. Sparkman*, 435 U.S. 349, 359 (1978), nor is

---

[1] On January 12, 1994, Manns made his initial appearance and entered a plea of not guilty [R. 18]. The following events transpired on March 3, 1994: the Court gave instructions to the jury [R. 40], the jury rendered a guilty verdict [R. 41], the Court added two jury questions [R. 165 and 166, docketed on March 22, 2005], and the Court entered a Sentencing Order [R. 46].

it diminished even if the judicial acts in question were performed maliciously, corruptly, or in bad faith, *Brookings*, 389 F.3d at 617 (citing *Pierson*, 386 U.S. at 554; *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).

There are only two circumstances under which a judge's absolute judicial immunity can be overcome: (1) where the judge's acts are non-judicial acts, *i.e.*, acts not taken in the judge's judicial capacity; and (2) where the judge's acts were taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11.

"In *Stump*, the Supreme Court established a two-prong test to determine whether an act is 'judicial.'" *Brookings*, 389 F.3d at 617 (citing *Stump*, 435 U.S. at 362). This test requires a court to ask whether: (i) the acts in question were functions that are "normally performed by a judge," and (ii) the judge dealt with the parties in his judicial capacity. *See Stump*, 435 U.S. at 362. To determine whether the acts in question are ones normally performed by a judge, "a court is required to examine the nature and function of the act, not the act itself." *Brookings*, 389 F.3d at 617. As the Sixth Circuit explained, "paradigmatic judicial acts," or acts that involve the resolution of disputes between parties who have invoked the jurisdiction of the court, are the touchstone for judicial immunity. *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997).

Conversely, whenever an action taken by a judge is not an adjudication between the parties, it is less likely that it will be deemed judicial. *Cameron v. Seitz*, 38 F.3d 264, 271 (6th Cir. 1994). In this case, Manns has not alleged that Judge Hood acted in a non-judicial capacity or that he performed anything but paradigmatic judicial acts while presiding over his 1994 criminal proceedings. Likewise, Judge Hood acted in his judicial capacity while presiding over

3

Manns' criminal case. Manns' allegation that he was denied assistance of counsel on various dates neither changes the nature of Judge Hood's judicial acts and decisions, nor shows that Judge Hood acted in anything but his judicial capacity.

Additionally, Manns has not alleged that Judge Hood acted in the complete absence of all jurisdiction. A judge only acts in the complete absence of all jurisdiction "when the matter upon which he acts is clearly outside the subject matter of the court over which he presides." *Brookings*, 389 F.3d at 623 (quoting *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997)). Where, as here, a federal judge presides over a federal criminal trial in federal court, it is clear that the judge does not act "in the complete absence of all jurisdiction." Therefore, because the complained-of acts were judicial in nature, and because they were not taken in the complete absence of jurisdiction, absolute judicial immunity bars all claims against Judge Hood.

Even if absolute immunity did not bar the Sixth Amendment claims against Judge Hood, the doctrine of *Heck v. Humphrey* would. As noted, in 1995, the Sixth Circuit affirmed Manns' conviction and sentence on direct appeal. Further, in 1996 Manns filed a motion under 28 U.S.C. § 2555 to vacate his conviction and sentence [R. 100]. On June 4, 2008, Judge Hood denied Manns' § 2255 motion [R. 121], and on March 22, 2000, the Sixth Circuit affirmed that ruling [R. 135]. Thus, neither Manns' underlying conviction, nor his 455-month sentence, have been reversed on direct appeal, expunged by executive order, declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.

In *Heck v. Humphrey*, 512 U.S. at 486-87, the Supreme Court barred lawsuits for damages via 42 U.S.C. §1983 unless and until the underlying conviction has been invalidated.

4

Absent a favorable termination of his criminal conviction, a judgment in Manns' favor in this civil action would necessarily imply that his federal criminal conviction was illegal. Because Manns has not demonstrated and, at this juncture, will never be able to demonstrate a "favorable termination" of his criminal conviction, *Heck* does not permit him to collaterally challenge his conviction by way of this civil action against Judge Hood. His Sixth Amendment claims are frivolous, and frivolous claims must be dismissed at the screening stage. 28 U.S.C. § 1915A(b).

Finally, a civil rights action is not the proper mechanism for a prisoner seeking release from custody based upon alleged constitutional errors during his criminal trial. Although Manns may file a petition for writ of habeas corpus seeking such relief under 28 U.S.C. § 2241, he is advised that relief under this statute is extremely limited.

### CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. This action is **DISMISSED** with prejudice.

2. Judgment shall be entered in accordance with this Memorandum Opinion and Order in favor of the Defendant.

This November 4, 2010.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**